UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD A. MORGAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 4:14 CV 150 JMB |
| | ) | |
| LAURENT D. JAVOIS, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Reginald A. Morgan ("Morgan") has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This Court has jurisdiction under 28 U.S.C. § 636(c). The Court concludes: (1) that this matter can be resolved on the existing record without an evidentiary hearing; (2) that Morgan's petition must be denied; and (3) that no certificate of appealability will issue. Finally, Morgan has multiple subsidiary motions pending that the Court will consider and rule at this time.

**I.     Introduction**[1]

Morgan has been in a psychiatric hospital since 1994, when he was found not guilty of criminal charges by reason of insanity. He was originally charged with first degree assault, armed criminal action, and unlawful use of a weapon for stabbing a man with a butcher knife. The Circuit Court of the City of St. Louis ordered Morgan committed to psychiatric care in accordance with § 552.040 of the Missouri Revised Statutes, and ordered that he not be released therefrom except in accordance with the prescribed statutory procedures and court approval.

---

[1]     This factual background is drawn from earlier federal proceedings. See Morgan v. Lacy, No. 4:05-cv-263-HEA/MLM, 2005 WL 2290578 (E.D.Mo. Sept. 20, 2005); Morgan v. Javois, 744 F.3d 535 (8th Cir. 2013).

1

Over the years, Morgan has applied to numerous state and federal courts for release on various grounds. In 2004, he applied for release pursuant to § 552.040. After a hearing, the state court ruled that Morgan failed to meet the statutory requirements for conditional release, but granted him partial conditional release. See Morgan v. Lacy, 2005 WL 2290578 at *2.

In 2005, Morgan filed a petition for a writ of habeas corpus in federal court. See Id. His petition raised three claims: (1) his confinement violates the Fifth, Eighth, Thirteenth, and Fourteenth Amendments to the United States' Constitution; (2) he was told he would be discharged six months after his initial confinement; and (3) Missouri's Director of Mental Health was "practicing racial hate" against him. Id. The district court held that Morgan failed to exhaust his state remedies, and that the petition failed to state cognizable claims. Id. at *5

In 2008, Morgan filed a second habeas petition, arguing that he "is rehabilitated and longterm stay in the hospital is unlawful." Morgan v. Javois, 2011 WL 3715114 at *1 (E.D. Mo. Aug. 24, 2011). While that petition was pending, Morgan filed an application for release in state court, under § 552.040. That state request was denied, and Morgan did not appeal. The federal court then denied the habeas petition on the grounds that it was a second or successive petition. Id. at *1 The Eighth Circuit affirmed the dismissal on the alternative ground that Morgan had procedurally defaulted his claim by failing to appeal the state court's denial of his release application. Morgan, 744 F.3d at 538-39.

In January of 2014, Morgan filed the instant petition in federal court, alleging substantially the same grounds for issuance of the writ as the 2008 federal petition. (See ECF No. 1) While the present petition was pending, Morgan filed yet another state court application for release under § 552.040. The Circuit Court denied that application on December 10, 2014. Morgan appealed that judgment to the Missouri Court of Appeals, but he failed to comply with

2

Mo. S. Ct. Rules 81.12(d) and 81.18, concerning filing the record on appeal, and the contents of typewritten materials. The Court of Appeals dismissed Morgan's case. In The Matter of: Reginald Morgan, ED 102470 (Order of April 29, 2015).

In this § 2254 petition, Morgan argues that he is being held "in violation of the 5th, 8th, 13th, and 14th amendments" to the federal constitution because his continued confinement is illegal. (See ECF No. 1 at 13) In its Response to this Court's show cause order, the State argues that this Court should dismiss the petition because: (1) Morgan failed to exhaust his state court remedies; and (2) Morgan's application is a second or successive application, in violation of 28 U.S.C. § 2241(b)(1). (See ECF No. 15 at 4-7)

## II. Discussion

### A. Standard of Review and Procedural Framework

Review of Morgan's claim is governed by The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA mandates a review of Morgan's claims that is both "limited and deferential" to the decisions of the state courts. Lumholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Additionally, AEDPA requires that a writ of habeas corpus not be granted until a petitioner has exhausted all of his state court remedies. See 28 U.S.C. § 2254(b)(1)(A). Also, AEDPA provides that a claim presented in a second or successive petition shall be dismissed, except under certain narrow circumstances. 28 U.S.C. § 2244(b). Finally, where a federal habeas corpus petitioner fails to follow a rule of state procedure, a federal habeas court should dismiss the petition, unless the petitioner can show either: (1) good cause for failure to follow the rule of state procedure, and actual prejudice resulting therefrom; or (2) that a miscarriage of justice would result if the court did not address the merits of the petitioner's claim. See Wainwright v. Sykes, 433 U.S. 72 (1977); and Murray v. Carrier, 477 U.S. 478, 495-96 (1991).

**B. Grounds**

As noted above, Morgan argues that he is being held in violation of the Fifth, Eighth, Thirteenth, and Fourteenth amendments. The substance of his argument, however, is that he is rehabilitated and the state courts have a legally insufficient reason to keep him confined to the psychiatric institution where he is currently being treated. (ECF No. 1 at 4) (arguing that his "illness in remission" and "not a danger to myself or others") The Court believes that Morgan is attempting to articulate a claim under Foucha v. Louisiana, 504 U.S. 71 (1992), and will liberally construe his allegations to state such a claim. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Under Foucha, a criminal defendant who is acquitted by reason of insanity is entitled, as a matter of due process, to release when he has recovered his sanity or is no longer dangerous. See 504 U.S. at 80. Here, Morgan argues that he is no longer ill or dangerous. The Court is thus satisfied that Morgan is claiming a due process violation because of his continuing confinement.

In response, the State argues first that Morgan has not exhausted his state-court remedies. (ECF No. 15 at 4-6) While this was true when the State filed their Response to this Court's show cause order, it now appears that Morgan has now exhausted all of his remedies. In a supplemental filing on December 24, 2014, Morgan has included an order from the Circuit Court of the City of St. Louis. (ECF No. 27-1) This order shows that Morgan pursued his statutory remedy under § 552.040. That court held a hearing on December 10th, 2014, in which it considered Morgan's application for release. (Id.) The State filed objections to Morgan's release. A medical professional testified concerning Morgan's current mental health status. (Id.) Morgan appeared before the court, in person and testified on his own behalf. (Id.) The court then made findings of fact and law, in accordance with § 552.040.

The court found *inter alia*: that Morgan continued to have a mental disease; he had no insight into his mental illness; he was likely to continue to have a mental illness in the future that would render him dangerous; he was unlikely to continue his medications, and conditions of release; and that he failed to demonstrate that he met the statutory requirements for release. (Id.) Morgan appealed this order to the Missouri Court of Appeals, but as noted above, he failed to comply with that court's procedural requirements. The court dismissed his appeal. It is apparent that Morgan has in fact exhausted his state court remedies.

The State's second argument for dismissal is that Morgan's application is a second or successive habeas petition, in violation of AEDPA. Because Morgan has filed a due process claim under Foucha, this second argument is incorrect. This follows from the Supreme Court's decision in Panetti v. Quarterman, 551 U.S. 930 (2007), where the Supreme Court eschewed a literal reading of the second/successive prohibition within AEDPA, and reasoned that that prohibition does not foreclose a second petition that raises a claim that was "unripe" at the time of the first habeas petition. Id. at 943-45. In this context, a challenge to a state-court decision regarding the legality of an insanity acquittee's continued confinement is unripe until that decision is rendered. Here, Morgan's Foucha claim was not ripe until the December, 2014 order of the Circuit Court. Thus, Morgan's current habeas petition is not barred as second or successive.

Morgan's claim faces a separate difficulty, however. He has procedurally defaulted his federal claim because he did not comply with the procedural requirements of the Missouri Court of Appeals. This Court is barred from reviewing Morgan's claims on the merits unless he can demonstrate: (1) cause for the default and actual prejudice resulting therefrom; or (2) show that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v.

5

Thompson, 501 U.S. 722, 750-51 (1991). Morgan makes no attempt to show cause for failing to comply with the state court briefing rules. Thus, this Court must deny Morgan's habeas petition.

Procedural default is a matter that federal courts may raise on their own initiative in appropriate circumstances. King v. Kemna, 266 F.3d 816, 822 (8th Cir. 2001) (en banc) ("We … hold that we have discretion to consider an issue of procedural default sua sponte."). The Court concludes that this is a case where it should do so, because the procedural default is clear, and it is clear the State was attempting to raise multiple affirmative defenses to Morgan's petition. Had this one been available to the State at the time of its Response, the State would have raised it.

### III. Other Motions

Morgan also has multiple other motions pending before this Court, none of which have merit. His Motion Withdraw Morgan's Account (ECF No. 61) seeks to withdraw "sixteen checks each for (54) fifty-four hundred zillion." The Court has denied similar motions, and will deny this motion. His Motion Withdraw Morgan's Account (ECF No. 63) seeks to withdraw "thirty-two checks each for (54) fifty-four hundred zillion." The Court will similarly deny this motion, because it has no merit.

### IV. Conclusion

For the foregoing reasons, this Court concludes that Morgan has procedurally defaulted his due process claim under Foucha v. Louisiana, and his petition should therefore be dismissed.[2]

---

[2] The Court also notes, however, that under Missouri law, Morgan will be permitted to apply once more for release after December 10, 2015 if he believes that he continues to be held unlawfully. See R.S. Mo. § 552.040.5 (permitting a committed person whose application for release has been denied to apply again after one year). If, after properly exhausting that remedy, Morgan believes that that adjudication gives rise to a basis for relief under federal law, then he may file another habeas petition to challenge his continued confinement.

Accordingly,

**IT IS HEREBY ORDERED** that Morgan's Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

**IT IS FURTHER ORDERED** that Morgan's two Motion Withdraw Funds Morgan's Account (ECF Nos. 61 and 63) are DENIED.

/s/ *__John M. Bodenhausen__*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of November, 2015